UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY

**ROBERT PICKRON,**  CASE NO.: 5:23-cv-294-AW-MJF

    **Plaintiff,**

v.

**GAC CONTRACTORS, INC.,**

    **Defendant.**
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, ROBERT PICKRON, hereby sues Defendant, GAC CONTRACTORS, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §12101 et seq., 29 U.S.C. §621 et seq. and §448.102 et seq., Florida Statutes.

2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest. This case was removed to this Court by the Defendant.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, ROBERT PICKRON, has been a resident of the State of Florida and was employed by Defendants. Plaintiff is a protected whistleblower due to his objection to and/or refusing to participate in

practices of Defendants that were in violation of one or more laws, rules or regulations. Plaintiff is a member of a protected class due to his age and disability.

4. At all times pertinent hereto, Defendant, GAC CONTRACTORS, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action. This action is timely filed.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a 56-year-old protected whistleblower, began his employment with GAC Contractors, Inc. on August 21, 2017, and held the position of supervisor at the time of his wrongful termination on September 24, 2021.

7. Despite his stellar work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of his age and actual and/or perceived disability and record of impairment. Plaintiff was also the victim of retaliation after reporting actual or suspected violations of laws, rules and/or regulations.

8. The disparate treatment and retaliation came at the hands of specifically but not limited to GAC Contractors, Inc. General Superintendent Timoth Brown, an approximately forty-four-year-old male.

9. Plaintiff worked for GAC Contractors Inc. beginning in 1985 and began his second period of employment on August 21, 2017.

10. Plaintiff was a loyal and dedicated employee.

11. Plaintiff has a serious medical/disabling condition which Defendant was aware of including peripheral artery disease, back fusion and mini strokes.

12. In October 2018, GAC Contractors, Inc. issued a work order for Plaintiff to clean up debris at 715 Fredrick Street, Panama City, Florida, a residential property. Plaintiff had never worked on or witnessed anyone else work on a clean-up of a residential site.

13. Plaintiff was unaware of who he should bill for the labor performed at the residential site and contacted Brown for advice. Brown instructed Plaintiff to bill Bay County School Board. But this was a residential property and it was illegal under Florida law, §817.061 (Misleading solicitation of payments prohibited) and §817.29 (Cheating) for GAC Contractors, Inc. to bill a governmental entity for a residential cleanup. Plaintiff told Brown that he thought that it was improper if not illegal for GAC Contractors, Inc. to bill the School Board for work conducted on a residential home located at 715 Fredrick Street, Panama City, Florida.

14. Shortly thereafter, Plaintiff researched who the property owner was of the residential site and found that the property belonged to Commissioner Billy Raider, who was on the City Commission for the City of Panama City.

15. From June 8, 2021, through early July 2021, Plaintiff was off work on approved medical leave due to his serious medical/disabling condition.

16. On July 30, 2021, the owner of GAC Contractors, Inc., Derwin White, an approximately a fifty-five-year-old-male, passed away.

17. A few days later, the Federal Bureau of Investigation (FBI) raided GAC Contractors Inc. as part of an ongoing Federal investigation.

18. On September 1, 2021, Plaintiff attended a foreman's meeting. In the meeting, GAC Contractors, Inc. Project Manager Steven Clemons, an approximately a thirty-five-year-old male and Brown announced that GAC Contractors, Inc. did not have a utility contractor's license. Clemons and Brown said they were trying to get licenses. White had been the only person who had held a utility contractor's license.

19. Plaintiff told everyone in attendance that he had an expired utility contractor's license but that if GAC Contractors, Inc. was willing to pay for the renewal of his license, he would get his license reinstated. Clemons agreed and instructed Plaintiff to get with GAC Contractors, Inc. Secretary, Celene Cunningham, to have the license reinstated.

20. In September 2021, Plaintiff gave GAC Contractors, Inc. Assistant Foreman, Corey McCullough, an approximately fifty-one-year-old male, a ride to work. On the way to work, Plaintiff decided to drive to the Bay County Health Department to get fingerprinted for his contractor's license renewal.

21. On September 7, 2021, Plaintiff told McCullough that he did not feel comfortable getting his utility license reinstated for GAC Contractors Inc. because there was an FBI investigation in progress. Plaintiff said that he wanted to speak with an FBI agent to ensure that renewing his utility license for GAC Contractors Inc., would not make Plaintiff associated or involved with GAC Contractors Inc.'s wrongdoing. Plaintiff also told McCollough he was going to report to the FBI the work he conducted at the residential address at 715 Fredrick Street, Panama City, Florida, referenced in paragraph 13 above, before using his utility license to qualify GAC Contractors Inc.  Plaintiff told McCollough at that time that GAC Contractors, Inc., had illegally billed a residential project to the Bay County School Board and that Plaintiff did not want to get caught up in the FBI investigation knowing that this billing had been illegally done.

22. On September 9, 2021, after Plaintiff attended his foreman meeting, he and crew members, including but not limited to McCullough, GAC Contractors, Inc. Foreman, Mike Baker, an approximately a forty-nine-year-old male, GAC Contractors, Inc. Foreman, Ryan Sweat, an approximately thirty-nine-year-old male,

GAC Contractors, Inc. Foreman Treavon l/n/u, GAC Contractors, Inc. Foreman Skylar Wells, an approximately twenty-five-year-old male, and other crew members, stood around and talked while preparing their trucks for the workday. Plaintiff said that before he got his utility license, he would make sure nothing GAC Contractors Inc. had done would interfere with issuance of his utility license.

23. At that time, Plaintiff said in the presence of these individuals listed in paragraph 22 above that he was going to check with the FBI to make certain that his license was not going to get tied up because of the illegally billing of a residential project to the Bay County School Board, referenced in paragraph 13 above.

24. Plaintiff again said that he planned to contact the FBI and report the work done at residential address 715 Fredrick Street, Panama City, Florida being illegally billed to the Bay County School Board, discussed in paragraph 13 above, to ensure it did not negatively impact his utility license.

25. Later that afternoon, Brown tracked Plaintiff's company issued truck using the Global Positioning System (GPS) that was installed in the truck. Brown then arrived at the work site and showed Plaintiff his locations and time spent on lunch.

26. Brown admonished Plaintiff for taking an hour and thirty minutes for lunch.

27. On September 24, 2021, Brown returned to the work site and told Plaintiff that it was his last day working for GAC Contractors Inc. because he and his crew "took too long for lunch and that the company was heading in a different direction".

28. Plaintiff was wrongfully terminated on September 24, 2021 after he told Brown that the billing of the residential project to the Bay County School Board was improper and after he announced plans to make protected reporting to the FBI about GAC Contractors Inc. and said that the billing referenced above was illegal.

29. Plaintiff contends that he has been treated less favorably than co-workers outside his protected classes. By way of example other crew members outside of Plaintiff's protected classes who are younger and not disabled, including but not limited to McCullough, Sweat, Treavon, Wells, and Baker, took long lunches and were not reprimanded or terminated as a result of their long lunches.

30. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## PRIVATE WHISTLEBLOWER RETALIATION

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. This is an action brought under §448.101(3), Florida Statutes.

33. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

34. As a result of Plaintiff' objections, reports and refusal to participate in the wrongdoing alleged above, in particular in paragraphs13, 21 and 22 , he was fired.

35. Plaintiff was terminated because he engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which was in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

36. The disclosures made by Plaintiff are protected under §448.102(3), Florida Statutes. Plaintiff reported actual or suspected violation of the following non-exhaustive list of Florida laws: §817.061 (Misleading solicitation of payments prohibited) and §817.29 (Cheating).

37. As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and benefits and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff

has also suffered emotional pain and suffering damages and other intangible damages that continue to date, Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## AGE DISCRIMINATION

38. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

39. This is an action against Defendant for discrimination based upon age.

40. Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

41. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

42. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

43. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

44. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

45. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and to punitive damages.

## COUNT III
## DISABILITY DISCRIMINATION
### Against GAC CONTRACTORS INC.

58. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

59. This is an action against Defendant for disability discrimination.

60. Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

61. Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, as well as its failure to engage in the interactive process with Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

62. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

63. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

64. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or

perceived disability or his record of having an impairment under the laws enumerated herein.

65. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and

economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished to all counsel of record by CM/ECF this 11th day of March, 2024.

/s/ Marie A. Mattox
Marie A. Mattox